IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLEVEN LEWIS ROBERSON, *pro se*, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. RDB 05-2725 |
| PAUL T. GRAZIANO, EXECUTIVE DIRECTOR, HOUSING AUTHORITY OF BALTIMORE CITY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before this Court is the Motion to Dismiss filed by Defendant Paul T. Graziano, Executive Director of the Housing Authority of Baltimore City ("Defendant") pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficiency of service of process. The Court will treat Plaintiff's Motion for Summary Judgment as a response to Defendant's Motion to Dismiss. For the reasons set forth below, Defendant's Motion to Dismiss will be granted.

On October 3, 2005, Plaintiff Cleven Lewis Roberson, *pro se*, ("Plaintiff") filed a Complaint in this Court alleging, *inter alia*, that the Housing Authority of Baltimore City improperly determined his total tenant payment for his rental unit in the Douglass Homes Public Housing Development. On October 17, 2005, Plaintiff filed an Affidavit of Service indicating that, on October 14, 2005, he served the Defendant Paul T. Graziano, Executive Director of the Housing Authority of Baltimore City "c/o Mr. Ralph Tyler, City Solicitor, Law Department, 100 N. Holliday Street, Baltimore, Maryland 21202." Plaintiff sent the summons and Complaint via first class mail, return receipt requested, and he attached the return receipt signed by the recipient

to his Affidavit of Service.

Defendant contends, however, that the Housing Authority of Baltimore City is not represented by the City Solicitor and that service on the Defendant cannot be completed by serving the City Solicitor.[1]  Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a motion to dismiss may be based on "insufficiency of service of process."  The requirements for service of process are set forth in Fed. R. Civ. Pro. 4.

The Housing Authority of Baltimore City notes that it is not an agency of the City of Baltimore.  Indeed, Md. Code Ann. Art. 44A, § 1-301(1) indicates that the Housing Authority is a separate agency and can sue and be sued in its own right.[2]  Rule 4(j)(2) of the Federal Rules of Civil Procedure states:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of

---

[1] On October 31, 2005, James R. Benjamin Jr., an Assistant Solicitor for the City of Baltimore, delivered to the Housing Authority of Baltimore City a copy of the summons and complaint received from Plaintiff.  However, actual knowledge of this suit by the Housing Authority does not necessarily cure service defects.  *See Way v. Brass Motors, Inc.,* 840 F.2d 303, 306 (5th Cir.1988) (noting that actual notice "is insufficient to satisfy Rule 4's requirements.").

[2] Md Code, Ann. Art. 44A, § 1-301 states, in relevant part:

 An authority shall constitute a public body corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this article, including the following powers in addition to others herein granted:

> (1) To sue and be sued, to have a seal and to alter the same at pleasure, to have perpetual succession, to make and execute contracts and other instruments necessary or convenient to the exercise of the powers of the authority, and to make and from time to time amend and repeal bylaws, rules and regulations not inconsistent with this article, and to carry into effect the powers and purposes of the authority . . .

> the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Indeed, Plaintiff's Affidavit of Service states, as does his captioning of this case, that Paul Graziano is the Executive Director of the Housing Authority of Baltimore City. Therefore, under Fed. R. Civ. Pro. 4(j)(2), Plaintiff should have served Paul Graziano, in his capacity of Executive Director of the Housing Authority of Baltimore City, directly. Defendant also notes the name of the resident agent for the Housing Department of Baltimore City, Rainbow Lin, and the appropriate address for mailing, Suite 401, 417 E. Fayette Street, Baltimore, MD 21202, are both available on the Maryland Department of Assessments and Taxation website. As a result, Plaintiff's mailing of the Complaint and summons to the City Solicitor cannot be deemed as sufficient service, in accordance with Fed. R. Civ. Pro. 4, on the Housing Authority of Baltimore City.

    For the reasons stated above, Defendant's Motion to Dismiss will be granted. A separate Order will follow.

Date: April 27, 2006　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge